■ AUGUSTINE BABIN, Appellant, v. JOSEPH BABIN, Respondent.— Order unanimously reversed, without costs of this appeal to either party, and matter remanded to Erie Special Term for further proceedings in accordance with memorandum. Memorandum: The order made herein involves the same parties in a companion proceeding decided herewith (*Babin* v. *Babin*, 16 A D 2d 883). The defendant failed to make reduced payments of $20 weekly as directed by the order of November 15, 1960, and plaintiff commenced a proceeding to compel payment. Defendant countered with a motion to adjudge plaintiff in contempt for failure to grant him rights to visit the infant daughter in the custody of plaintiff. The latter responded with an application requesting that the infant son be removed from the custody of the father. Thus the court was presented with three issues, namely: (1) the failure of the defendant to comply with the prior orders awarding weekly monetary payments to the wife; (2) the proper custody of the infant son previously awarded to the defendant; and (3) the rights of defendant to visit the infant daughter in the custody of the plaintiff. Special Term ignored the first two issues and never passed thereon. After a lengthy hearing the order appealed from was made providing that defendant should be required to make no support payment to the plaintiff for the week during which the infant daughter should refuse to accompany defendant on any Sunday when he presents himself at the residence of the plaintiff. The proof presents an unfortunate situation where a 14-year-old son has aligned himself with his father and a 10-year-old daughter has joined forces with her mother in an extended battle carried on between the spouses. Each child exhibits marked antipathy toward the parent with whom the child is not residing. The order, however, is completely unrealistic. Compliance with the decree of the court should not be attempted against a 10-year-old child by depriving her of support. Moreover, as has been stated, the court completely ignored the request of the wife to explore the conditions surrounding the infant son who refuses to visit his mother and the court similarly ignored the failure of the husband to make the required payments in accordance with the orders of the court. Upon a new hearing the subject of the custody of both children, the visitation rights of both parents and a determination of a proper weekly amount to be paid by defendant for the support of the wife and the infant children should be fully reviewed. The issues presented are plain, but the solutions will be difficult. The guidance and assistance of a family counseling service may be required. The hearing should be held before another Justice. (Appeal by plaintiff from order of Erie Special Term adjudging the plaintiff in contempt of court.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.